IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM DUCKETT, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>WATER DISTRICT ONE OF JOHNSON )<br>COUNTY, )<br>   Defendant. ) | Case No. 07-2376-JAR-DJW |

## STIPULATED PROTECTIVE ORDER

On this 8th day of April, 2008, the above-captioned matter comes for consideration by the Court. The parties have requested a Protective Order because the Plaintiff seeks to discover personnel files and other information regarding Water District One of Johnson County employees that constitute confidential information. In addition, the parties will seek deposition testimony on these topics and the parties will request that the same be designated as confidential.

Due to the nature of certain of the allegations contained in the Plaintiff's Complaint, the Court finds that it may be necessary for Defendant to produce relevant personnel files, information, documents, and things regarding certain employees. However, the Court also finds that this information is privileged and confidential and that the release of this information through the ordinary discovery process could compromise the confidentiality of these documents.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED:

1. All personnel files and other information regarding Water District One of Johnson County employees that are considered to be confidential shall, prior to their production, be designated and stamped "Confidential - Produced Subject to Protective Order" and will be considered subject to this Protective Order.

2. Only "Authorized Personnel" shall view the documents. For purposes of this Protective Order, the term "Authorized Personnel" shall mean:

      a.     Counsel for the Plaintiffs;

      b.     Counsel for Defendants;

      c.     Secretarial and other personnel at the office of counsel of the parties who have need to work with the documents for purposes related to the prosecution of this lawsuit; and

      d.     Expert witnesses of the parties to this action.

      3.     Each of the Authorized Personnel shall review this Protective Order and execute an Acknowledgment in the form annexed hereto as Exhibit A.  Signed forms shall be maintained by counsel for each party and at the conclusion of this litigation, including any appeals, shall be provided to counsel for Plaintiffs and Defendant.  Parties to this action are also required to execute an Acknowledgment. Attorneys are not required to execute an Acknowledgment, but shall be bound by this Order in any event.

      4.     Counsel to whom Confidential Documents are produced shall maintain said documents in a safe manner, and safeguard the confidential documents and not permit them to be inspected by anyone other than Authorized Personnel.

      5.     Authorized Personnel shall not reveal the contents of the Confidential Documents to any person or otherwise utilize the Confidential Documents in anyway that would publish the information contained therein, other than is necessary to prosecute this action.

      6.     The Authorized Personnel to whom the Confidential Documents are produced shall not make any additional copies except as may be necessary for the trial of this action.

      7.     Any party seeking to submit to, or file with, the Court a Confidential Document or testimony regarding Confidential Documents must first file a motion for leave to file that particular document or testimony under seal.  Any motion for leave to file under seal shall be filed in accordance with the Court's Administrative Procedures for electronically filing documents under seal.

8.  Authorized Personnel who receive Confidential Documents from either party are ordered to return them, including all copies, to the parties' counsel within 90 days after the termination of this litigation, including any appeals.

9.  This Protective Order does not constitute a ruling on the question of whether any particular document is properly discoverable and does not constitute any ruling on any potential objection to the discoverability of any document.

**IT IS SO ORDERED**.

> s/ David J. Waxse
> David J. Waxse
> U.S. Magistrate Judge

| /s/ Steven D. Horak | /s/ Michelle R. Stewart |
|---|---|
| Steven D. Horak, #15351 | Michael K. Seck, mseck@fisherpatterson.com #11393 |
| 8780 Mastin, Suite B | Michelle R. Stewart, mstewart@fisherpatterson.com #19260 |
| Overland Park, Kansas 66212 | 51 Corporate Woods, Suite 300 |
| (913) 381-6515 | 9393 West 110th Street |
| **ATTORNEYS FOR PLAINTIFF** | Overland Park, Kansas  66210 |
| **RALPH STEVENS** | (913) 339-6757 / (913) 339-6187 (FAX) |
| | **ATTORNEYS FOR DEFENDANTS** |

**EXHIBIT A**

**ACKNOWLEDGMENT OF TERMS OF PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read and agrees to be bound by the terms of the Protective Order entered in this matter on ____ day of _____, 2008, in Case № 07-2376 in the United States District Court for the State of Kansas, entitled, *William Duckett v. Water District One of Johnson County, Kansas*, and the undersigned agrees that he/she will not reveal any information designated as Confidential and will not use any confidential information for any purpose other than for the prosecution of the lawsuit described herein.

DATE:_____            _____
                                (Name)

                                _____
                                (Address)

                                _____
                                (City, State, Zip)

                                _____
                                (Telephone Number)

                                _____
                                (Title)