DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WILLIAM DUCKETT,**

        **Plaintiff,**

        **CIVIL ACTION**

v.

        No: 07-2376-JAR-DJW

**WATER DISTRICT ONE OF JOHNSON COUNTY,**

        **Defendant.**

## ORDER

A telephone hearing was held on June 5, 2008 regarding a deposition dispute in this case. Plaintiff appeared through counsel Steven D. Horak. Defendant appeared through counsel Michelle R. Stewart. This Order will memorialize and expand on the Court's oral ruling.

During the course of a deposition noticed by Plaintiff, Defendant's counsel objected to questioning of the witness, asserting that the questions were not relevant to the issues in the instant case. In addition, defense counsel instructed the witness not to answer. The parties sought the Court's assistance as to whether defense counsel's objections and directions to the deponent not to answer were proper.

The Court instructed Defendant's counsel that she should either (1) object to a question and then allow the question to be answered; or (2) recess the deposition and file a motion for protective order, if warranted under the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 30(c)(2) and (d)(3) govern deposition objections and motions to terminate depositions. Rule 30(c)(2) provides as follows:

>An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. *A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).*[1]

Rule 30(d)(3) in turn provides that the deponent or a party may move to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."[2] It also provides that "[i]f the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order."[3]

The Court also notes that the District's Deposition Guidelines[4] address when counsel may direct a deponent not to answer a deposition question. Guideline 5(b) provides in pertinent part:

>Counsel shall not direct or request that a deponent not answer a question, unless (1) counsel has objected to the question on the ground that the answer is protected by privilege, work product immunity, or a limitation on evidence directed by the Court; or (2) the direction not to answer is necessary to allow a party or deponent to present a Fed. R. Civ. P. 30(d) motion to the Court.

Defendant's counsel shall conform her objections, and any directions to the deponent not to answer, with these Rules and Guidelines.

---

[1] Fed. R. Civ. P. 30(c)(2) (emphasis added).

[2] Fed. R. Civ. P. 30(d)(3)(A).

[3] *Id.*

[4] The Deposition Guidelines are available on the Court's website (www.ksd.uscourts.gov).

2

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 6th day of June, 2008.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties